UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| STEVEN SMITH,<br>    Plaintiff, | )<br>)<br>)<br>) |  |
| v. | )<br>) | Civil No. 21-11568-LTS |
| BARNSTABLE SUPERIOR COURT, et al.,<br>    Defendants. | )<br>)<br>)<br>) |  |

MEMORANDUM AND ORDER

October 12, 2021

SOROKIN, J.

For the reason set forth below, the Court dismisses this action without prejudice.

**I.     Background**

On September 22, 2021, Steven Smith, a state pretrial detainee in custody at the Barnstable County Jail, filed a *pro se* complaint. Complaint ("Compl."), Docket No. 1. The complaint was filed without payment of the filing fee or motion seeking leave to proceed *in forma pauperis*.

The eight-page, handwritten complaint is brought pursuant to 42 U.S.C. § 1983. Named as defendants are the Barnstable Superior Court, the Commonwealth of Massachusetts, Governor Charles Baker, a state court judge, a criminal defense attorney and a police detective. The complaint consists primarily of a recounting of events surrounding the plaintiff's arrest and prosecution, including competency evaluations, as well as plaintiff's unsuccessful efforts for dismissal of the criminal charges and release from custody. Attached to the complaint are copies of documents concerning his arrest and criminal prosecution in state court.

Smith alleges that he "has filed a few lawsuits," including suits against some of the defendants named in the instant complaint. Compl. at p. 1. The Court's records indicate that Smith is a party to ten civil actions that were filed in this federal court, two of which are now pending.[1]

## II.     Screening of the Complaint

Under 28 U.S.C. § 1915A, prisoner complaints in civil actions that seek redress from a governmental entity or officers or employees of a governmental entity are subject to screening. Smith, as a pretrial detainee, meets the definition of prisoner[2] and his complaint is subject to screening. Section 1915A authorizes federal courts to dismiss a complaint *sua sponte* if the claims therein lack an arguable basis in law or in fact, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b).

Because Smith is proceeding *pro se*, the Court will construe his complaint generously. See *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Rodi v. New Eng. Sch. of Law*, 389 F.3d 5, 13 (1st Cir. 2004).

---

[1] *Smith v. Monteiro*, C.A. No. 21-11281-NMG (pending); *Smith v. Matthews*, C.A. No. 21-10780-ADB (May 20, 2021, dismissed); *Smith v Sherry*, C.A. No. 21-30032-MGM (Jul. 7, 2021, dismissed); *Smith v. Labor*, No. C.A. No. 21-10290-ADB (Mar. 18, 2021, dismissed); *Smith v. Byrnes*, C.A. No. 20-30190-MGM (case closed; pleadings transferred to C.A. No. 20-11996-MGM); *Smith v. Lewis*, C.A. No. 20-30173-KAR (pending); *Smith v. Administrator of Bridgewater State Hospital*, C.A. No. 20-12055-IT (Jan. 19, 2021, dismissed as moot; pleadings transferred to C.A. No. 20-30173-KAR); *Smith, et al. v. Sheriff Bowler*, C.A. No. 20-11996-MGM (Dec. 7, 2020, dismissed); *Smith v. Barnstable Superior Court*, C.A. No. 21-11262-RGS (Aug. 6, 2021, dismissed); and *Smith v Sheriff Barnstable Jail*, C.A. No. 20-10128-WGY (Jan. 29, 2020, dismissed).

[2] Section 1915(h) defines "prisoner" as "any person incarcerated in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h); s*ee also* 42 U.S.C. § 1997e(h); *Sergentakis v. Channell*, 272 F. Supp. 3d 221, 226 (D. Mass. 2017) (citing cases).

### III.     Discussion

Smith's complaint is brought pursuant to 42 U.S.C. § 1983, which "creates a remedy for violations of federal rights committed by persons acting under color of state law." *Haywood v. Drown*, 556 U.S. 729 (2009).   As an initial matter, the Barnstable Superior Court is not amenable to suit under 42 U.S.C. § 1983.   The Massachusetts trial courts were created pursuant to Massachusetts General Law Chapter 211B (Trial Court of the Commonwealth).   It is well-established that a state is not amenable to suit under 42 U.S.C. § 1983 because a state is not a "person" within the meaning of that statute.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).   Because the court is considered an arm of the State, it is immune from federal suit under the Eleventh Amendment to the United States Constitution. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989).

To the extent Smith brings suit against Governor Baker alleging that the Governor "oversees the court system," Compl. p. 1, a "person" under Section 1983 does not include a state actor in his official capacity. *Johnson v. Rodriguez*, 943 F.2d 104, 108 (1st Cir. 1991) ("[N]either a state agency nor a state official acting in his official capacity may be sued for damages in a section 1983 action."). The claims against Governor Baker in his official capacity are subject to dismissal.

To the extent Smith brings suit against Judge Gildea, under the doctrine of judicial immunity, he is "absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978).  Because Smith seeks to hold Judge Gildea liable based on his rulings and decisions in the state criminal case against him, judicial immunity bars such claim.

3

Finally, as Smith has been advised from orders entered in prior cases, *see e.g. Smith v. Barnstable Superior Court*, C.A. No. 21-11252-RGS (ECF No. 3); *Smith v. Matthews*, C.A. No. 21-10780-ADB (ECF No. 4); *Smith v. Labur*, C.A. No. 21-10290-ADB (ECF No. 12), under *Younger* abstention, *see Younger v. Harris*, 401 U.S. 37 (1971), "a federal court must abstain from hearing a case if doing so would 'needlessly inject' the federal court into ongoing state proceedings." *Coggeshall v. Mass. Bd. of Registration of Psychologists*, 604 F.3d 658, 644 (1st Cir. 2010) (quoting *Brooks v N.H. Supreme Ct.*, 80 F.3d 633, 637 (1st Cir. 1996)).

The *Younger* abstention doctrine generally requires federal courts to abstain from enjoining or issuing declaratory relief that would affect ongoing state criminal prosecutions, ongoing state civil enforcement proceedings that resemble prosecutions, and other ongoing civil proceedings that "'implicate a State's interest in enforcing the orders and judgments of its courts,'" absent extraordinary circumstances. *Sirva Relocation, LLC v. Richie*, 794 F.3d 185, 192 (1st Cir. 2015) (quoting *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72-73 (2013)). "*Younger* is not a jurisdictional bar based on Article III requirements, but instead a prudential limitation on the court's exercise of jurisdiction grounded in equitable considerations of comity." *Marhsall v Bristol Superior Ct.*, 753 F.3d 10, 17 (1st Cir. 2014) (quotation and citations omitted).

*Younger* generally requires abstention if the pending state proceeding (1) is "judicial in nature," (2) "implicates important state interests," and (3) provides an adequate opportunity for the federal plaintiff to assert his or her federal claims or defenses. *Sirva Relocation*, 794 F.3d at 196. When these preconditions are satisfied, abstention is mandatory, and the federal court is deprived of any discretion to grant injunctive or declaratory relief, unless an exception to *Younger* applies. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 816 n.22, (1976); *Sirva Relocation*, 794 F.3d at 192. "In fact, federal courts must 'abstain from interfering with state court

proceedings even where defendants claim violations of important federal rights.'" *Watson v. Ordonez*, C.A. No. 17-11871-NMG, 2018 WL 3118420, at *2 (D. Mass. June 22, 2018) (quoting *In re Justices of Superior Court Dep't of Mass. Trial Court*, 218 F.3d 11, 17 (1st Cir. 2000) (collecting cases)).

Here, Smith is a defendant in a pending state criminal proceeding and his claims implicate the important state interest in resolving alleged violations of state criminal law, and in controlling the manner in which criminal cases are conducted in the state courts. Because this Court's consideration of plaintiff's claims would interfere with the state court's consideration and resolution of those important state interests, adjudication of those claims before this court are precluded by *Younger*. None of the exceptions to *Younger* abstention apply here.

## IV. Order

For the reasons set forth above, the Court hereby orders that this action be DISMISSED without prejudice on *Younger* abstention grounds and against defendants Barnstable Superior Court, Governor Baker, and Judge Gildea pursuant to 28 U.S.C. § 1915A(b). No filing fee is assessed in this action.

SO ORDERED.

/s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge